1
2
3
4

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDILBRANDO BANDULA,<br><br>                    Petitioner,<br><br>     v.<br><br><br>MARK WIMBISH, et al.,<br><br>                    Respondents.<br>_____ | )   1:06-cv-00853-OWW-TAG HC<br>)<br>)   REPORT AND RECOMMENDATION TO<br>)   DISMISS AMENDED PETITION FOR WRIT<br>)   OF HABEAS CORPUS  (Doc. 4)<br>)<br>)   ORDER DENYING PETITIONER'S REQUEST<br>)   FOR APPOINTMENT OF COUNSEL (Doc. 6)<br>)<br>)<br>)<br>) |

        Petitioner, currently in the custody of the Bureau of Immigration and Customs

Enforcement ("ICE") and proceeding pro se, has filed an amended petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2241.  (Doc. 4).  The petition alleges that Petitioner's continued

detention violates his substantive and procedural due process rights under the Fifth Amendment

to the Constitution and is a violation of Respondent's statutory authority.  (Doc. 4, p. 4).

Petitioner has also filed a motion for appointment of counsel. (Doc. 6).

### FACTUAL SUMMARY

        Petitioner is a native the Phillippines and is currently being detained at the Kern County

Jail in Bakersfield, California.  (Doc. 4, pp. 2-3).  On January 3, 2006, an Immigration Judge

ordered Petitioner removed from the United States. (Doc. 4, p. 2).  On April 6, 2006, the Board

of Immigration Appeals denied his appeal and affirmed the immigration judge's final order of

removal.  (Id.).  Petitioner is now subject to a final order of removal.  (Id.).  Petitioner entered

ICE custody on May 23, 2005, and has been detained continuously by ICE since that date.  (Doc.

4, p. 3).

**DISCUSSION**

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2241(c)(3). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991), quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.[1]  However, the petition must "allege facts concerning the applicant's commitment or detention," 28 U.S.C. § 2242, and the petitioner must make specific factual allegations that would entitle him to habeas corpus relief if they are true.  O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.1990).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is required to make a preliminary review of each petition for writ of habeas corpus.   "If it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief," the Court must dismiss the petition.  Rule 4 of the Rules Governing § 2254 Cases; see also, Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).

A. Petition for Writ of Habeas Corpus.

In the instant case, Petitioner alleges that his mandatory and indefinite detention by ICE is in violation of the Fifth Amendment of the United States Constitution and in violation of Respondent's statutory authority.   This issue was addressed by the United States Supreme Court in Zadvydas v. Davis, 533 U.S.678 (2001).

In Zadvydas, the Supreme Court found that the habeas corpus statute grants federal courts the authority to determine whether post-removal-period detention is pursuant to statutory authority.[2]  Id. at 678-679.  In addition, the Court held that the Immigration and Nationality Act's ("INA") post-removal-period detention statute does not permit indefinite detention, but instead

---

[1]The Rules Governing § 2254 Cases can be applied to petitions other than those brought under § 2254 at the Court's discretion. See, Rule 1(b) of the Rules Governing § 2254 Cases.

[2]The Supreme Court analyzed the constitutionality of the period of post-removal-*detention*, not the period of post-removal.  See Zadvydas, 533 U.S. at 700-701.

2

implicitly "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." <u>Id.</u> at 689.  When faced with making such a determination, the Court must consider the basic purpose of the statute, "namely, assuring the alien's presence at the moment of removal." <u>Id.</u> at 699.  In addition, the Court must take appropriate account of the Executive Branch's "greater immigration related expertise," ICE's "administrative needs and concerns," and the "Nation's need to speak with one voice on immigration."[3]  <u>Id.</u> at 699-700.

The Supreme Court attempted to limit those occasions when the federal court would need to make such "difficult judgments" by setting a "presumptively reasonable period of *detention*" of *six months*.  <u>Id.</u> at 700-701 (italics added).  The burden is on the alien to show that there is no reasonable likelihood of repatriation.  <u>Id.</u> at 701 ("This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.").

After six months, and once an alien makes a showing that there is no "significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." <u>Id.</u> at 700-701.  However, where an alien seeks release prior to the expiration of the presumptive six-month period, his claims are unripe for federal review.  <u>See</u> <u>Abbott Laboratories, Inc. v. Gardner</u>, 387 U.S. 136, 148-149  (1967), <u>overruled on other grounds</u>, <u>Califano v. Sanders</u>, 430 U.S. 99, 105 (1977)  ("[The ripeness doctrine's] basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.").

---

[3]The Ninth Circuit's decision in <u>Ma v. Reno</u>, 208 F.3d  815, 818 (9th Cir. 2000), <u>cert. granted</u>, 531 U.S. 924, consolidated with <u>Zadvydas v. Underdown</u>, 185 F.3d 279 (5th Cir. 1999), <u>cert. granted</u>, 531 U.S. 923, was vacated by the U.S. Supreme Court as resting solely on the "'absence' of an 'extant or pending' repatriation agreement without giving due weight to the likelihood of successful future negotiations." <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001).

1    In this case, Petitioner has been in ICE custody continuously following an order of removal that

2    became a final order of removal on April 6, 2006.  Thus, as of this date, Petitioner's current

3    detention is still well within the six month "presumptively reasonable period of detention."  Id.

4    Petitioner alleges that he has "received no indication that [the Phillippines] will acquiesce to

5    repatriation in the reasonably foreseeable future," and that "[a]s a result of that country's

6    recalcitrance," ICE has "been unable to obtain travel documents" for Petitioner that would

7    effectuate his removal.  (Doc. 4, p. 3).

8         Petitioner's unsubstantiated allegations alone, however, are insufficient to overcome the

9    presumption of reasonableness of the six month period, and his claims of constitutional

10   violations are not ripe for review.   Should Petitioner's detention continue past the six month

11   presumptive period, he may re-file the instant federal action and obtain review.  At that time,

12   however, Petitioner must provide "good reason to believe that there is no significant likelihood of

13   removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701.

14        B.  Motion for Appointment of Counsel.

15        There currently exists no absolute right to appointment of counsel in habeas proceedings.

16   See e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir.), cert. denied, 358 U.S. 889 (1958);

17   Mitchell v. Wyrick, 727 F.2d 773 (8th Cir.), cert. denied, 469 U.S. 823 (1984).  However, Title

18   18 U.S.C. § 3006A, authorizes the appointment of counsel at any stage of the case "if the

19   interests of justice so require."  See Rule 8(c), Rules Governing Section 2254 Cases.  At the

20   present time, the Court does not believe that the interests of justice require the appointment of

21   counsel.  Moreover, the Court's recommendation of dismissal of the instant petition for lack of

22   ripeness, if adopted by the District Judge, would obviate Petitioner's need for counsel at this

23   time.  Accordingly, Petitioner's motion for appointment of counsel is denied.  (Doc. 6).

**ORDER**

25        For the foregoing reasons, it is HEREBY ORDERED that Petitioner's motion for

26   appointment of counsel (Doc. 6), is DENIED.

27   ///

28   ///

4

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the amended Petition for Writ of Habeas Corpus (Doc. 4),  be DISMISSED WITHOUT PREJUDICE as the claims raised are not ripe for federal review.  This Report and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within **FIFTEEN (15)** days after being served with a copy of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation."  Replies to the Objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:   **July 28, 2006**                                    _____
**j6eb3d**                                                              **/s/ Theresa A. Goldner**
                                                                UNITED STATES MAGISTRATE JUDGE